IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–01908–EWN–MEH

AIG ANNUITY INSURANCE
COMPANY,

    Plaintiff,

v.

LAW OFFICES OF THEODORE COATES, P.C.,
DONALD J. EGAN, M.D.,
KRISTI S. BENNETT,
MARC E. BENNETT,
ESTATE OF RYAN EDWARD BENNETT, Deceased, and
HARTFORD INSURANCE GROUP,

    Defendants.

**ORDER AND MEMORANDUM OF DECISION**

This is an interpleader insurance action. Plaintiff AIG Annuity Insurance Company seeks to interplead the proceeds of an annuity contract for proper distribution amongst the above-captioned defendants. This matter comes before the court on "Plaintiff AIG Annuity Insurance Company's Motion for Partial Reconsideration of the Court's Order of September 2, 2008," filed September 26, 2008, and "Request for Expedited Consideration of Marc Bennett's Motion for Summary Judgment, Due to Acute Financial Hardship," filed October 9, 2008. Jurisdiction is currently lacking under the federal interpleader statute, 28 U.S.C. § 1335.

In my September 2, 2008, order addressing multiple outstanding motions in this case, I held, *inter alia*, that subject matter jurisdiction was currently lacking over Plaintiff's interpleader action because it had not yet deposited all the disputed funds into this court's registry as required under the federal interpleader statute. (Order and Mem. of Decision at 15–18 [filed Sept. 2, 2008] [hereinafter "9/2/08 Order" ].) Nonetheless, rather than dismiss this case, I ordered Plaintiff to cure this jurisdictional infirmity by: (1) depositing into this court's registry all past suspended periodic payments to Defendant Kristi Bennett, and all future periodic payments to both Defendant Kristi Bennett and Defendant Marc Bennett as these payments became due; (2) posting a bond in the amount of the periodic payments Plaintiff made to Defendant Marc Bennett between receipt of Defendant Coates's June 20, 2007, letter informing Plaintiff of Defendant Coates's purported attorney's lien upon the entirety of the annuity stream, and the date of my September 2, 2008, order; and (3) filing a status report relating the amount of the deposited funds, the value of the bond posted, and a schedule of all future planned monthly deposits to facilitate my future final judgment. (*Id.* at 22.)

On September 24, 2008, Plaintiff substantially complied with these orders by: (1) depositing $170,500.89 into this court's registry, reflecting all past suspended periodic payments to Defendant Kristi Bennett; (2) filing a status report so reflecting; and (3) filing a schedule of planned future monthly deposits into this court's registry reflecting the payments that would otherwise have been disbursed to Defendant Kristi Bennett and Defendant Marc Bennett. (*See* Pl. AIG Annuity Ins. Co.'s Status Report in Accordance with the Court's Order of Sept. 2, 2008 [filed Sept. 24, 2008]); *see also* Receipt for $170,500.89 [filed Sept. 25, 2008].) Nonetheless, on

September 26, 2008, Plaintiff moved for partial reconsideration of my September 2, 2008, order, to the extent that this order required it to post a bond in the amount of the periodic payments Plaintiff made to Defendant Marc Bennett between receipt of Defendant Coates's June 20, 2007, letter, and the date of my September 2, 2008, order. (*See* Pl. AIG Annuity Ins. Co.'s Mem. of Law in Supp. of Mot. for Partial Reconsideration of the Court's Order of Sept. 2, 2008 [filed Sept. 26, 2008] ["Pl.'s Recons. Br."].) For the following reasons, I deny Plaintiff's motion for reconsideration.

In arguing that I erred in requiring it to post a bond, Plaintiff contends that: (1) Defendant Coates only asserts entitlement to $420,127.00 plus interest and other fees derived from the disputed annuity stream; and (2) the current amount deposited in this court's registry, as augmented by the scheduled future monthly deposits accumulating until some point next year, will aggregate to at least the amount of the annuity stream in which Defendant Coates claims an interest.[1] (*See id.* at 3–5.) Accordingly, Plaintiff asserts that "[b]ecause the amount of the interplead fund (*i.e.*, the amount of the initial deposit of the suspended payments plus additional amounts to be deposited as they become due under the terms of the annuity) far exceed the amount claimed by [Defendant] Coates, there is no need to require AIG to post additional security in the form of a bond." (*Id.* at 4.) Moreover, Plaintiff contends that I erred by ordering both the deposit of funds and the posting of a bond because it asserts that such a compound order is impermissible under the federal interpleader statute. (*See id.*); *see also* 28 U.S.C. § 1335(a)

---

[1]This court's independent calculations, facilitated by Plaintiff's proffered schedule of monthly deposits, places the break-even date sometime in June 2009.

(2006) (reciting that a district court retains jurisdiction over a statutory interpleader action if there is minimal diversity between adverse claimants and "the plaintiff has deposited such money or property . . . into the registry of the court, . . . *or* has given bond payable to the clerk of the court in such amount . . . as the court or judge may deem proper" [emphasis added].) For the following reasons, I am not persuaded.

As I explained in my September 2, 2008, order, "'a federal district court seldom has jurisdiction if the stakeholder deposits in the court registry less than the entire sum of money in controversy.'" (9/2/08 Order at 22 [quoting *Miller & Miller Auctioneers, Inc. v. G.W. Murphy Indus.*, 472 F.2d 893, 895 (10th Cir. 1973)].) Moreover, as I noted in my fact section of that order, "[o]n June 20, 2007, Defendant Coates sent Plaintiff a 'Claim of Attorney Lien' asserted upon *all* proceeds of the annuity." (*Id.* at 3 [emphasis added]; *see also* Compl. for Interpleader and Declaratory Relief ¶ 23 [filed Sept. 10, 2007] [alleging that, in his June 20, 2007, letter, Defendant Coates claimed a lien upon "'*any* and *all* proceeds, payments or *current* or *future* annuity streams' under the Annuity" (emphasis added)].) Accordingly, as should have been clear from a careful reading of my order, Plaintiff's own complaint placed the entirety of the annuity stream in controversy, and I accordingly lacked subject matter jurisdiction over this case unless Plaintiff deposited the entirety of this stream — both past and present — into this court's registry. *See Miller*, 472 F.2d at 895 (finding jurisdiction lacking over statutory interpleader action where the plaintiff failed to deposit the entire sum in controversy, and instead paid a portion of this sum to one of the claimants, even after another claimant had notified the plaintiff of his competing claim to these funds). Moreover, even if I accepted Plaintiff's instant

representation that Defendant Coates only asserts entitlement to $420,127.00 plus interest and other fees derived from this stream, I still could not find subject matter jurisdiction over the instant case satisfied because the currently deposited funds would not satisfy a judgment in Defendant Coates's favor, and would be incapable of so doing until sometime next year. Accordingly, I find Plaintiff's argument unpersuasive, and particularly so in light of the heightened burden of persuasion attending a motion to reconsider. *See, e.g.*, *United States v. Ibarra*, 920 F.2d 702, 706 n.3 (10th Cir. 1990), *vacated on other grounds*, 502 U.S. 1 (1991) (noting that "a motion to reconsider would be appropriate where, for example, the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension").

Similarly, I find Plaintiff's suggestion that I erred in ordering both the deposit of funds and the posting of a bond to be unavailing. Although unstated in my September 2, 2008, order, district courts in this circuit have interpreted Tenth Circuit law construing the jurisdictional deposit requirement of the federal interpleader statute as permitting the simultaneous deposit of funds and posting of a bond. *See, e.g.*, *Prudential Ins. Co. of Am. v. Bank of Commerce*, 857 F. Supp. 62, 64 (D. Kan. 1994) (interpreting an ambiguous statement in *Miller*, and holding "we do not believe this statement requires plaintiff to elect between depositing the entire sum at issue or posting a bond for the entire sum"). Plaintiff has cited no law to the contrary. (*See* Pl.'s Recons. Br.) Finally, although I ordered the posting of a bond under the assumption that Plaintiff would prefer posting such security to depositing cash, I hereby modify my September 2, 2008, order to permit either action.

Finally, in consideration of Defendant Marc Bennett's representations that he is the sole caregiver to his handicapped father, and that his suspended periodic payments under the annuity stream constitute almost the entirety of his income, I hereby grant his motion for expedited consideration of his outstanding motion for summary judgment. (*See* Request for Expedited Consideration of Marc Bennett's Mot. for Summ. J., Due to Acute Financial Hardship at 3 [filed Oct. 9, 2008].) I intend to resolve Defendant Marc Bennett's motion for summary judgment as soon as practicable after I retain jurisdiction over this case, and have set a hearing in this matter for October 23, 2008. (*See* Minute Order [filed Oct. 10, 2008].)

Based on the foregoing it is therefore ORDERED that:

1. PLAINTIFF'S motion to reconsider (#118) is DENIED;

2. DEFENDANT MARC BENNETT'S motion for expedited consideration of his motion for summary judgment (#121) is GRANTED;

3. PLAINTIFF is ORDERED to deposit the remaining disputed funds into this court's registry, or to post a bond in the same amount, by October 22, 2008.

Dated this 10th day of October, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge