IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01908-MSK-KMT

AIG ANNUITY INSURANCE COMPANY

     Plaintiff,

v.

LAW OFFICES OF THEODORE COATES, P.C.,
DONALD J. EGAN, M.D.,
KRISTI S. BENNETT, and
MARC E. BENNETT,

     Defendants.

---

# ORDER

---

     This matter is before the court on "Marc E. Bennetts [sic] Motion for Sanctions Against Theodore Coates" [Doc. No. 98, filed July 22, 2008]. The Law Offices of Theodore Coates, P.C. ("Law Offices") filed a response on August 15, 2008 [Doc. No. 103] and Marc E. Bennett filed a Reply on September 2, 2008 [Doc. No. 110].

     In the interim, the case was re-assigned to District Judge Marcia S. Krieger who issued an Opinion and Order Determining Marc Bennett's Interest in Annuity Payments and Granting, in Part, Hartford Insurance Group's Motion to Dismiss ("Order") [Doc. No. 144, filed December 22, 2008]. In that Order, the District Court discussed and ruled upon many of the factors argued by Mr. Bennett in support of his Motion for Sanctions. District Judge Krieger made no findings

that the position taken by the Law Offices was in violation of the requirements of Fed. R. Civ. P. 11(c), although she did rule in favor of Mr. Bennett with respect to whether the Law Offices' attorney lien would attach to Mr. Bennett's share of an annuity payable by AIG Annuity Insurance Co., plaintiff in this interpleader action. The court noted, in the Material Facts Section of the Order, that the Law Offices had performed tax work "for the estate." (Order at 5, ¶ 3.) The court also noted that the "Probate Court had determined that the annuity was an asset subject to probate administration and that Mr. and Ms. Bennett were each entitled to 50% of the annuity stream." (Order at 5, ¶ 4.)

The Law Offices have claimed that its attorney lien, based on work done primarily for Ms. Bennett but which may have benefitted the estate, should attach to the annuity stream, including the payments to both recipients. Even though this argument has proven unsuccessful, this court does not agree that it violates Rule 11(b). The Rule provides

> b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. *Id.*

The District Court ultimately decided, "[t]he showing by the P.C. is inadequate to prove the existence of a valid lien against Mr. Bennett's interest in the annuity stream." (Order at 13.) However, there is nothing in the Order that lends support to Mr. Bennett's argument that the claim was brought in bad faith or for an improper purpose or that the remaining three prongs of the Rule 11 analysis were violated by the Law Offices. The Supreme Court in *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 553 (1991) specifically stated that Rule 11 sanctions are not tied to the outcome of the litigation. *See also*, *Beilue v. International Broth. of Teamsters, Local No. 492*, 13 Fed. Appx. 810, 813, 2001 WL 744966, *3 (10th Cir. 2001) (the imposition of sanctions depends not on who wins on a given issue, but on how the parties conduct themselves during the litigation).

Therefore, it is **ORDERED**:

Marc E. Bennett's Motion for Sanctions Against Theodore Coates [Doc. No. 98] is DENIED.

Dated this 6th day of January, 2009.

BY THE COURT:

_____

Kathleen M. Tafoya
United States Magistrate Judge