IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01908-MSK-MJW

AIG ANNUITY INSURANCE COMPANY,

    Plaintiff,

v.

LAW OFFICES OF THEODORE COATES, P.C.,
DONALD J. EGAN, M.D.,
KRISTI S. BENNETT,
MARC E. BENNETT, and
HARTFORD INSURANCE GROUP,

    Defendants.

---

**ORDER REGARDING DEFENDANT DONALD J. EGAN'S FED. R. CIV. P. 11
MOTION FOR SANCTIONS AND DIRECTIVE THAT DEFENDANT LAW OFFICES OF
THEODORE COATES, P.C., BE ENJOINED FROM FURTHER PRO SE FILINGS
(DOCKET NO. 65)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

    This matter is before the court on Defendant Donald J. Egan's Fed. R. Civ. P. 11 Motion for Sanctions and Directive that Defendant Law Offices of Theodore Coates, P.C., be Enjoined from Further Pro Se Filings (docket no. 65). The court has reviewed the subject motion (docket no. 65), the response (docket no. 69), and the reply (docket no. 71). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

    The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That each party has been given a fair and adequate opportunity to be heard;

3. That venue is proper in the state and District of Colorado;

4. That this Interpleader Action was filed on September 10, 2007. *See* docket no. 1.;

5. That this case has a tortured history. There have been three prior magistrate judges assigned to this case and two district court judges. Judge Krieger is currently assigned to this case following former Chief Judge Nottingham's resignation. *See* docket no. 131. Magistrate Judges Hegarty, Tafoya, and Mix were previously assigned to this case. Magistrate Judges Tafoya and Mix have recently recused themselves from this case. *See* docket nos. 146 and 148.;

6. That I was recently assigned as the magistrate judge for this case on January 12, 2009. *See* docket no. 149.;

7. That the subject motion (docket no. 65) was filed on March 25, 2008. *See* docket no. 65.;

8. That the response (docket no. 69) was filed on April 24, 2008, and the reply (docket no. 71) was filed on April 30, 2008. Accordingly, the subject motion was ripe for ruling as of April 30, 2008.;

9. That it is unclear as to why this subject motion (docket no. 65) was

not addressed earlier in the proceedings.;

10. That Defendant Donald J. Egan, M.D., seeks in the subject motion (docket no. 65) a court order from this court requiring the Co-Defendant the Law Offices of Theodore Coates, P.C., and Theodore Coates, Esquire, to pay monetary sanctions to Defendant Donald J. Egan, M.D., pursuant to Fed. R. Civ. P. 11(b) and for an order for injunctive relief prohibiting Mr. Coates from filing any additional filings on a pro se basis pursuant to Fed. R. Civ. P. 65.;

11. That in support of the subject motion (docket no. 65), Defendant Egan argues that Mr. Coates' filing of motions and other pleadings with the court lack objective reasonableness and that the factual allegations therein lack evidentiary support, and therefore sanctions should be imposed pursuant to Fed. R. Civ. P. 11(b) and (c)(4) and <u>Good v. Board of County Comm'rs of Shawnee County</u>, 209 F. Supp. 2d 1124 (D. Kan. 2002).;

12. That on December 22, 2008, Judge Krieger issued and entered her Opinion and Order Determining Marc Bennett's Interest in Annuity Payments and Granting, in Part, Hartford Insurance Group's Motion to Dismiss (docket no. 144).;

13. That in Judge Krieger's Order (docket no. 144), she stated the following on pages 16 and 17 under V:

> The Court does not, at this juncture, determine whether there is any encumbrance of Ms. Bennet's 50% share in the annuity stream. All funds in the registry attributable to her

       interest will remain, and to facilitate the determination of AIG's request for an award of attorney fees from the fund, the Court will reserve $38,000.

       It is therefore ORDERED that:

    1. The Clerk's Entry of Default against the P.C. (#142) is VACATED. The Motion by AIG for Default Judgment (#143) is DENIED;

    2. Mr. Bennett's Motion for Summary Judgment (#73) is GRANTED. A declaratory judgment is to be entered that Mr. Bennett's one-half share of the monthly annuity payments is free from any lien by the P.C.;

    3. The clerk shall release $16,103.14 to Mr. Bennett from the registry of the Court.;

    4. The clerk shall also release $170,500 from the registry to AIG. AIG shall resume its suspended monthly annuity payments to Mr. Bennett from this date forward; and,

    5. Hartford's Motion to be Dismissed (#79) from this case is GRANTED IN PART, insofar as it is DISMISSED from this action, and DENIED IN PART, insofar as it is not entitled to an award of fees. The caption of this case is AMENDED to hereafter omit Hartford as a party.";

14. That in Judge Krieger's Oder (docket no. 144), Judge Krieger **did not** make any finding that Mr. Coates has engaged in groundless, frivolous, or vexatious litigation tactics. Moreover, in reviewing the court's file, it does not appear that any judicial officer that has been previously assigned to this case has made any finding that Mr. Coates has engaged in groundless, frivolous, or vexatious litigation tactics.;

15. That Defendant the Law Office of Theodore Coates, P.C., has filed a Notice of Appeal concerning Judge Krieger's Order (docket no. 144). *See* docket no. 152 Notice of Appeal.;

16. That in reviewing the entire file including but not limited to the motions and pleadings filed by Mr. Coates, I find that Defendant Egan has failed to demonstrate a Fed. R. Civ. P. 11 violation by Mr. Coates.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant Donald J. Egan's Fed. R. Civ. P. 11 Motion for Sanctions and Directive that Defendant Law Offices of Theodore Coates, P.C., be Enjoined from Further Pro Se Filings (docket no. 65) is **DENIED**; and,

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 22nd of January, 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE