IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01908-MSK-MJW

AIG ANNUITY INSURANCE COMPANY,

    Plaintiff,

v.

LAW OFFICES OF THEODORE COATES, P.C.;
DONALD J. EGAN, M.D.;
KRISTI S. BENNETT; and
MARC E. BENNETT,

    Defendants.

_____

**OPINION AND ORDER DENYING MOTION FOR IN CAMERA INSPECTION**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for In Camera Inspection **(# 177)**.

The Plaintiff has moved for an award of attorney's fees in this action. D.C. Colo. L. Civ. R. 54.3(b) requires that a motion for attorney's fees be accompanied by a "detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed." The Plaintiff's Motion expresses an intent to file such information, but requests that it be allowed to do so in camera, as it is "legitimate concerns over the likely improper dissemination of such records, or information gleaned from such records, by other counsel in this action." The Plaintiff does not elaborate on the basis for these "concerns."

The Plaintiff's request is, in essence, a request to seal the filing of its billing records.[1] The Supreme Court acknowledged a common-law right of access to judicial records in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system. *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (J. Kane).

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a particular court document should be sealed. *See Nixon,* 435 U.S at 599. In this District, filings by parties are presumptively available for public inspection, and will be sealed only upon a party's showing of "compelling" cause. D.C. Colo. L. Civ. R. 7.2. Such a showing is required to ensure public confidence in the judicial process. It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. *Cf. McVeigh*, 119 F.3d at 814.

Here, the Plaintiff has not shown compelling cause to file its billing records under seal, much less for exclusively in camera review. The records are essential to the Plaintiff's request for relief from this Court and thus, the public (not to mention the other parties) has a strong

---

[1] In actuality, the motion is even more restrictive than a motion to seal. By making the records available only to the Court for in camera review, the Plaintiff essentially requests that the billing documents not be provided to the other parties in this action, thus depriving them of an opportunity to meaningfully object to the particulars of the Plaintiff's fee request.

interest in being able to review the records to evaluate the fairness and impartiality of the Court's decisions. Moreover, the Court finds that the Plaintiff's "concerns" are vague and conclusory and provide no basis upon which the Court could justify shielding the Plaintiff's billing records from public view. Should the Plaintiff believe that certain, specific identifying details contained in the record are not essential to the relief requested, they are free to redact those identifying details, and the Court will evaluate the Plaintiff's motion solely on the strength of the publicly-available information. In the alternative, if the Plaintiff believes that it cannot file the required records publicly, it is free to withdraw its motion for fees.

The Plaintiff's Motion for In Camera Inspection (**# 177**) is **DENIED**. The Plaintiff shall file the material supporting its motion for fees within 3 days of the date of this Order.

Dated this 17th day of March, 2009

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge